EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JAIME MOJICA MERCADO, acusado y apelante.

Número 15735.

*Sometido:* 3 de diciembre de 1954.  *Resuelto:* 28 de octubre de 1955.

*Jaime Mojica Mercado, pro se; Hon. Secretario de Justicia Interino J. B. Fernández Badillo, y Rafael L. Ydrach Yordán y Ramón Olivo Nieves, Fiscal y Fiscal Especial, respectivamente, del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

El acusado y apelante, por su propia representación, apela ante nos de una sentencia por un delito de hurto menor subsiguiente, que le impuso la Sala de Mayagüez del Tribunal Superior de Puerto Rico, señalando como errores los siguientes: (1) haberse negado la ilustrada Sala sentenciadora a citarle uno de los dos testigos, cuyas citaciones él solicitó, al momento de leérsele la acusación; (2) haber sido condenado por un delito de hurto menor subsiguiente cuando, a lo sumo, lo que él cometió fué un abuso de confianza y (3) haber incurrido en algunas contradicciones un testigo de la prueba de la acusación.

En cuanto a la citación de los testigos, uno de ellos, el único que residía en Puerto Rico (t. 33), fué citado por orden del tribunal y compareció a testificar a favor del acusado. El acusado estuvo representado por un abogado durante todo el proceso, y en cuanto al otro testigo, no hay en la transcripción de evidencia incidente alguno, que demuestre, que se solicitara del tribunal y dicho tribunal se negare a conseguir, la comparecencia del otro testigo. No es difícil concluir que el abogado del acusado y apelante no consideró dicho testimonio imprescindible para la defensa de su representado.

██ En cuanto a la diversidad de los delitos, la prueba de la acusación presentó un claro caso de hurto y la prueba de la defensa un posible caso de abuso de confianza. Las instrucciones del Juez fueron correctas, distinguiendo entre la clase de prueba que necesitaba un delito de hurto y la clase de prueba que necesitaba un delito de abuso de confianza. Le instruyó a los señores del jurado que si ellos estimaban, que la relación fiduciaria alegada por el acusado, había sido probada, debían declarar inocente al acusado. Los señores del jurado, haciendo uso de sus facultades legales, dirimieron el conflicto de la prueba, dándole crédito a la prueba de la acusación. También dentro de sus facultades estaba resolver sobre cualesquiera contradicciones que se produjeran en los testimonios.

*Se confirma la sentencia de la Sala de Mayagüez del Tribunal Superior de Puerto Rico.*